## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| COOPER INDUSTRIES, LLC,<br>600 Travis Street, Suite 5600<br>Houston, TX 77002<br><br>            Plaintiff,<br><br>      v.<br><br>CONTINENTAL CASUALTY<br>COMPANY; TRANSPORTATION<br>INSURANCE COMPANY; and THE<br>CONTINENTAL INSURANCE<br>COMPANY, as successor-in-interest to<br>Harbor Insurance Company and<br>successor by merger to Fidelity &<br>Casualty Company of New York,<br><br>            Defendants. | CIVIL ACTION<br><br>No. 4:13-cv-00575<br><br><br><br>**DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
### MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT

Continental Casualty Company, Transportation Insurance Company, and Continental Insurance Company (collectively, "CNA") present a patently frivolous motion for summary judgment on Cooper Industries, LLC's ("Cooper") Complaint. Although styled as a motion for summary judgment, the motion is in fact a moot discovery motion, which CNA has already lost. Based on the Court's Order on CNA's Motion to Compel (Dkt. No. 68), and Cooper's compliance with that order, CNA's Motion for Summary Judgment on Plaintiff's Complaint is mooted. To the

extent that this Court requires further response, however, Cooper makes the following arguments.

In brief, CNA demanded the production of underlying complaints and attorney invoices.  Cooper agreed to re-produce those documents, provided that CNA fund half the cost of producing the complaints (which Cooper had previously provided to CNA) and that CNA agree to a protective order to limit the disclosure of the privileged information contained in its defense attorney invoices.  CNA refused.  Instead, CNA filed a motion to compel production of the documents without precondition.  While that motion was pending, CNA moved for summary judgment arguing, in essence, that Cooper's request for the aforementioned discovery limitations warranted the sanction of dismissal.

One day after CNA filed its summary judgment motion, Magistrate Judge Smith ordered that CNA fund half the cost of producing the complaints and that the attorney invoices should only be produced pursuant to a protective order.  With these conditions in place, Cooper produced the complaints and reached an agreement with CNA regarding the production of attorney invoices.  CNA's motion for summary judgment has, therefore, been mooted by Magistrate Judge Smith's order.

## I.   Cooper Provided the Complaints to CNA Prior to This Litigation and Cooper Produced the Complaints in This Litigation

CNA first argues that it is entitled to summary judgment because Cooper did not produce the underlying complaints.  This argument is mistaken.  Cooper provided CNA with a copy of each complaint prior to filing this suit.  As part of its standard practice, each time Cooper was named in one of the Underlying Claims, Cooper immediately sent a notice letter to CNA.  Exhibit A, Mollers Affidavit ¶¶ 21-22.  In the notice letters, Cooper informed CNA of the Underlying Claim, demanded a defense, and attached the complaint filed in the Underlying Claim.  *Id.* CNA has confirmed that Cooper followed this standard practice and that CNA retained those complaints in its files.  Exhibit B, CNA 30(b)(6) Deposition at 189:2-14; Exhibit C, Groszek Deposition at 34:8-22, 31:2-3 ("We received the complaints, and I put them in the file."); *see also* Exhibit E, CNA Progress Notes (reflecting CNA's standard practice of receiving complaints from Cooper and forwarding those complaints to storage).

Moreover, Cooper has not "failed" to produce the complaints in this litigation.  In February 2014, CNA for the first time demanded production of the underlying complaints.  Cooper objected.  Cooper explained that it already provided the complaints to CNA and CNA conceded that it retained the complaints.  And CNA had already effectively conceded that the complaints gave

rise to a duty to defend.[1]  Exhibit B, CNA Deposition at 90:8-22 (agreeing that although it had "potential affirmative defenses" (on which it would bear the burden of proof), "as a general matter" this case is "not a fight about whether comprehensive general liability policies might have to respond to asbestos claims").  Because production of the complaints would be duplicative and because there did not appear to be a dispute regarding whether the complaints gave rise to a duty to defend, Cooper demanded that CNA pay half the cost of producing the complaints in this litigation, which were maintained on Cooper's behalf by Cooper's insurance broker.

Just days prior to the close of discovery, CNA filed a motion to compel production of the complaints at Cooper's sole expense.  On May 13, 2014, Magistrate Judge Smith denied CNA's motion.  Doc. No. 68.  Instead, he ordered that the parties share the cost of producing the complaints on or before May 30, 2014.  Cooper has since produced all 103,017 pages of complaints in accordance with Magistrate Judge Smith's order.  CNA's motion is thus both moot and frivolous and should be denied.

---

[1] Even CNA's own purported expert stated that he has not "seen anything that says that there was never a duty out there to defend at least some of these cases" and that these policies provide for coverage for defense of bodily injury claims arising from exposure to asbestos. Exhibit D, Quinn Deposition at 136:6 through 137:8.

## II.   Cooper Previously Provided Evidence of Invoices Paid

CNA next, incorrectly, argues that it is entitled to summary judgment because Cooper failed to produce evidence of amounts paid.  Again, CNA is mistaken.  Cooper produced a number of records detailing the amounts paid, to whom, and as to which claim.  *See, e.g.*, Exhibit F.

Cooper also agreed to produce actual defense invoices.  However, because the invoices contained attorney-client information, Cooper requested that CNA agree to a protective order limiting the use of the invoices to this litigation.  CNA, once again, refused Cooper's proposed accommodation and moved to compel production of the invoices without a protective order.[2]  Magistrate Judge Smith agreed with Cooper and ordered that the invoices be produced pursuant to a protective order.  Doc. No. 68.  With this order in place, the parties have reached an agreement regarding the re-labeling of the invoices, all of which Cooper had previously provided to CNA.

## III.   Conclusion

CNA moves for summary judgment based on a discovery dispute with Cooper.  Each of the items which form the basis of CNA's motion was previously

---

[2] In the interim, in an effort to avoid any prejudice to CNA, Cooper provided CNA each of the tens of thousands of pages of invoices at issue in this matter pursuant to Federal Rule of Evidence 408.  As Cooper told CNA, Cooper's purpose in providing the documents to CNA in this manner was to ensure that CNA had access to the documents pending a ruling on Cooper's motion for a protective order, while still protecting Cooper's confidentiality in the documents.

the subject of a motion to compel.  The motion to compel has been resolved. Cooper complied with Magistrate Judge Smith's order and produced the documents in question, subject to the limitations Cooper requested be placed on the production.  Therefore, CNA's motion for summary judgment is moot, and Cooper respectfully requests that the Court deny CNA's motion.[3]

---

[3] As it indicated in its own summary judgment motion, Cooper has sought to avoid needlessly inundating the Court with thousands of pages of documents.  If, however, the Court requires copies of each complaint and each invoice produced in this action, Cooper is prepared to produce them in whatever manner would impose the least burden on the Court.

Dated:     June 2, 2014                    Respectfully submitted,

                                            /s/ Dominic I. Rupprecht
                                            Heather Kubiak
                                            KUBIAK LAW FIRM
                                            13201 Northwest Freeway, Suite 101
                                            Houston, TX  77040
                                            Telephone:  (713) 800-8444
                                            Facsimile:  (713) 800-8443

                                            Michael H. Ginsberg (Pa. I.D. #43582)
                                               *(admitted pro hac vice)*
                                            Laura A. Meaden  (Pa. I.D. #52002)
                                               *(admitted pro hac vice)*
                                            Dominic Rupprecht (Pa. I.D. #308721)
                                               *(admitted pro hac vice)*
                                            JONES DAY
                                            500 Grant Street, Suite 4500
                                            Pittsburgh, PA  15219-2514
                                            Telephone:  (412) 391-3939
                                            Facsimile:  (412) 394-7959

                                            Counsel for Plaintiff
                                            Cooper Industries, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 2, 2014, I caused this document to be filed with the Court's Electronic Case Filing system.  Service of this document on known Filing Users will be automatically accomplished through the Notice of Electronic Filing. I am unaware of any party or counsel who is not a Filing User.

<u>/s/ Dominic I. Rupprecht</u>
Dominic I. Rupprecht