## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| COOPER INDUSTRIES, LLC,<br>600 Travis Street, Suite 5600<br>Houston, TX  77002<br><br>              Plaintiff,<br><br>       v.<br><br>CONTINENTAL CASUALTY<br>COMPANY; TRANSPORTATION<br>INSURANCE COMPANY; and THE<br>CONTINENTAL INSURANCE<br>COMPANY, as successor-in-interest to<br>Harbor Insurance Company and<br>successor by merger to Fidelity &<br>Casualty Company of New York,<br><br>              Defendants. | CIVIL ACTION<br><br>No. 4:13-cv-00575<br><br><br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

On June 13, 2014, the Court ordered Plaintiff Cooper Industries, LLC ("Cooper") to provide the Court with electronic copies of all Underlying Complaints in this action and to file a supplemental brief in further support of its summary judgment motion "explaining where each Underlying Complaint, on an individualized basis, alleges 'bodily injury arising from exposure to asbestos caused by Cooper, at least in part, during the CNA Policies' coverage periods.'" Doc. No. 79. Electronic copies of the Underlying Complaints are contained on the CDs identified as Exhibit A and provided contemporaneously with this brief.  In

addition, Cooper has included as Exhibit B to Exhibit G, spreadsheets identifying the allegations in the Underlying Complaints that trigger coverage. Exhibit B addresses each complaint, and the subsequent exhibits include subsets of the complaints organized by type of allegation, as described more fully below.

## I.    Allegations Needed to Trigger Coverage

The duty to defend is triggered by claims alleging bodily injury arising from exposure to asbestos, at least in part, during the coverage period. *See Guar. Nat'l Ins. Co. v. Azrock Indus.*, 211 F.3d 239, 250 (5th Cir. 2000); *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 493 (Tex. 2008) (citing *Guaranty National*).

Importantly, "Texas courts have held that a carrier is obligated to defend when the underlying petitions are silent about the time of damage." *Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, No. 11-cv-1846, 2012 U.S. Dist. LEXIS 125694, at *49 (S.D. Tex. Sept. 4, 2012). Thus, in the context of asbestos bodily injury claims, even where "there is no specific date of injury alleged," an allegation of exposure "sometime before the petition was filed" satisfies the requirement of "an allegation of a potential occurrence within the policy's coverage period." *GEICO Gen. Ins. Co. v. Austin Power Inc.*, 357 S.W.3d 821, 824–25 (Tex. Ct. App. 2012) (holding the insurer had a duty to defend the underlying asbestos claim because "[n]othing in the pleadings negates the possibility that the injury occurred between December 31, 1969 and December 31, 1970").

Where the underlying complaint alleges "past" injuries "without identifying when in the past this occurred," coverage will be triggered unless the insurer can "establish[] as a matter of law that no claims were alleged during the policy period." *Gehan Homes, Ltd. v. Emplrs Mut. Cas. Co.*, 146 S.W.3d 833, 846 (Tex. Ct. App. 2004) (reversing summary judgment in favor of the insurer); *see also Mid-Continent Cas.. Co. v. Academy Dev., Inc.*, No. 08-cv-21, 2010 U.S. Dist. LEXIS 87637, at *19-*20 2010 WL 3489355, at *7 (S.D. Tex. 2010), *aff'd*, 476 F. App'x 316 (5th Cir. 2012); *Nat'l Cas. Co. v. W. World Ins. Co.*, 669 F.3d 608, 613 (5th Cir. 2012) ("'Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy.'" (quoting *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines*, 939 S.W.2d 139, 141 (Tex. 1997); *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965))) .

## II.    Allegations in the Underlying Complaints

The CNA Coverage Period runs from February 1, 1971 to April 1, 1981. Cooper produced 2,852 Complaints that explicitly allege exposure to asbestos, at least in part, during this period.  These Complaints comprise 94.25 percent of the 3,026 Underlying Complaints, and are listed on Exhibit C.

Cooper produced 87 Complaints that do not explicitly specify an exposure date but do sufficiently plead potential coverage so as to satisfy *GEICO*. For example, these complaints allege exposure "for a period of many years," exposure "continuously . . . during the course of [plaintiff's] employment," exposure "during the course of [plaintiff's] lifetime," or exposure for "35 years." *See*, *e.g., Lee James Smith v. A.W. Chesterton, et al.* (COOP-ASB-0046670 to COOP-ASB-0046722); *Odessa Adkins v. ABB, et al.* (COOP-ASB-0048687 to COOP-ASB-0048753); *Timothy Higgins v. A.O. Smith, et al.* (COOP-ASB-0111659 to COOP-ASB-0111685); *James W. Howell, Jr. v. A.W. Chesterton, et al.* (COOP-ASB-0061915 to COOP-ASB-0061949). These Complaints comprise 2.87 percent of the Underlying Complaints, and are listed on Exhibit D.

Cooper produced 51 Complaints that both specify exposure dates falling outside the coverage period as well as allegations that sufficiently plead potential coverage under *GEICO*. For example, these 51 Complaints include allegations of exposure "[d]uring the course of [plaintiff's] employment" including while serving "in the U.S. Navy from 1957 to 1967 as a fighter pilot" and while working "as a geologist at Dan L. Clark oil Company . . . at Shell Oil Company and Lane Wells." *Michael O'Donohoe v. A.W. Chesterton, et al.* (COOP-ASB-0070476 to COOP-ASB-0070511). These Complaints comprise 1.69 percent of the Underlying Complaints, and are listed on Exhibit E.

Cooper produced 26 Complaints that allege coverage prior to the coverage period and manifestation of the disease after the period ended.  These complaints would be covered if the Court adopted a continuous trigger coverage theory.  *See Nat'l Standard Ins. Co. v. Continental Ins. Co.*, No. 81-cv-1015, 1983 U.S. Dist. LEXIS 13111, CA3-81-1015 (N.D. Tex. Oct. 4, 1983) (holding that in an asbestos-related cancer case, all insurers on the risk between the initial exposure and time of manifestation were obligated to defend).  These Complaints comprise 0.86 percent of the Underlying Complaints, and are listed on Exhibit F.

Finally, Cooper produced 10 Complaints in which only post-coverage allegations are alleged, or in which the Underlying Asbestos Claim is evidenced, but the Complaint is insufficiently clear to warrant summary judgment.  For example, Cooper was served with a notice of deposition in the case of *Michael A. Smith v. A.W. Chesterton, et al.* (COOP-ASB-0087115 to COOP-ASB-0087125), which was pending in Madison County, Illinois.  The facts suggest that this claim is identical to the case of *Michael Anthony Smith v. A.W. Chesterton, et al.* (COOP-ASB-0097126 to COOP-ASB-0087176), which was pending in Los Angeles County, California.  Although the Plaintiffs are identified slightly differently, their names are consistent, they are represented by identical law firms, and, although one case was brought in Illinois and the other in California, both requested an early deposition take place in Arizona.  Thus, Cooper believes it may ultimately be

entitled to recovery on some of these complaints, but because coverage is unclear, Cooper is not moving for summary judgment on them.   These Complaints comprise 0.33 percent of the Underlying Complaints, and are listed on Exhibit G.

## III.   Conclusion

For the foregoing reasons, and for the reasons stated more fully in Cooper's preceding briefs, Cooper respectfully requests the Court grant summary judgment in Cooper's favor.

Dated:     July 17, 2014     Respectfully submitted,

*/s/ Dominic I. Rupprecht*
Heather Kubiak
KUBIAK LAW FIRM
13201 Northwest Freeway, Suite 101
Houston, TX  77040
Telephone:  (713) 800-8444
Facsimile:  (713) 800-8443

Michael H. Ginsberg (Pa. I.D. #43582)
   *(admitted pro hac vice)*
Laura A. Meaden  (Pa. I.D. #52002)
   *(admitted pro hac vice)*
Dominic Rupprecht (Pa. I.D. #308721)
   *(admitted pro hac vice)*
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514
Telephone:  (412) 391-3939
Facsimile:   (412) 394-7959

Counsel for Plaintiff Cooper Industries, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 18, 2014, I caused this document to be filed with the Court's Electronic Case Filing system.  Service of this document on known Filing Users will be automatically accomplished through the Notice of Electronic Filing. I am unaware of any party or counsel who is not a Filing User.  Service of Exhibit A was effected via UPS Overnight Shipping on July 17, 2014.

<u>/s/ *Dominic Rupprecht*</u>
Dominic I. Rupprecht