IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Cooper Industries, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action 4:13-cv-00575 |
| | § | |
| Continental Casualty Company, | § | |
| Transportation Insurance Company, | § | |
| and The Continental Insurance | § | |
| Company, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' SUPPLEMENTAL BRIEF ON PENDING SUMMARY JUDGMENT MOTIONS

Defendants/Counter-Plaintiffs Continental Casualty Company; Transportation Insurance Company; and The Continental Insurance Company, as successor-in-interest to Harbor Insurance Company and successor by merger to Fidelity & Casualty Company of New York (collectively "CNA"), for their Supplemental Brief in support of their own motions for summary judgment and in further response to Cooper Industries, LLC's Motion for Summary Judgment state as follows:

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...........................................................................................3

II.   ARGUMENT...............................................................................................5

    A.   COOPER SHOULD BE BARRED FROM RELYING ON
         ANY OF THE UNDERLYING COMPLAINTS THAT IT
         FAILED TO PRODUCE PRIOR TO THE DISCLOSE OF
         DISCOVERY ........................................................................................5

         1.   Cooper's Failure to Produce Discovery Until After the
              Discovery Close Date, and After CNA was Forced to File
              a Motion to Compel, Violates the Federal Rules of Civil
              Procedure and This Court's Scheduling Order .........................6

         2.   Cooper's Refusal to Produce Documents Until the Last
              Day of Discovery and After Discovery Prejudices CNA,
              and the Documents Should be Excluded ...................................8

    B.   EVEN WITHOUT DISCOVERY, IT IS PLAIN THAT
         NUMEROUS UNDERYLING COMPLAINTS DO NOT
         TRIGGER THE CNA POLICIES OR DO NOT NAME
         COOPER INDUSTRIES AS A DEFENDANT................................11

    C.   COVERAGE FOR MANY OF THE UNDERLYING
         COMPLAINTS IS BARRED BY TEXAS'S FOUR YEAR
         STATUTE OF LIMITATIONS ........................................................15

    D.   The Doctrine of Laches Bars Cooper's Claims for Coverage ...........17

III.   CONCLUSION............................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Chilcutt v. United States*,
    4 F.3d 1313 (5th Cir. 1993) ...................................................................7

*CQ Inc. v. TXU Mining Co. LP*,
    565 F.3d 268 (5th Cir. 2009) ..............................................................7

*Ehrig v. Germania Farm Mutual Insurance Association*,
    84 S.W.3d 320 (Tex.App.–Corpus Christi 2002, pet. denied) ....................15, 16

*Ewing Constr. Co. v. Amerisure Ins. Co.*,
    420 S.W.3d 30 (Tex. 2014)....................................................10, 11

*Hensgens v. Deere & Co.*,
    869 F.2d 879 (5th Cir. 1989) ............................................................15

*JMC Constr. LP v. Modular Space Corp.*,
    No. 3:07-cv-1925-B, 2008 U.S. Dist. LEXIS 121618 (N.D. Tex. Oct. 28,
    2008) ....................................................................................9, 10

*Murray v. San Jacinto Agency, Inc.*,
    800 S.W.2d 826 (Tex. 1990) ............................................................15

*Paradise Towing, Inc. v. CIT Group/Sales Fin., Inc.*,
    368 B.R. 569 (W.D. Tex. 2005) ........................................................9

*Patterson v. Houston Indep. Sch. Dist.*,
    2014 U.S. App. LEXIS 10321 (5th Cir. June 3, 2014)....................................6, 8

*Provident Life & Acc. Ins. Co. v. Knott*,
    128 S.W.3d 211 (Tex. 2003) ............................................................15

*Rogers v. Ricane Enterprises, Inc.*,
    772 S.W.2d 76 (Tex.1989)................................................................17

*Stine v. Stewart*,
    80 S.W.3d 586 (Tex. 2002)................................................................15

*Unique Indus., Inc. v. 965207 Alberta Ltd.*,
   764 F. Supp. 2d 191 (D.D.C. 2011)........................................................................7

**STATUTES**

TEX. CIV. PRAC. & REM. CODE § 16.051................................................................15

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16................................................................................................7

Fed. R. Civ. P. 26....................................................................................6, 7, 8, 9

Fed. R. Civ. P. 30................................................................................................3

Fed. R. Civ. P. 34................................................................................................6

Fed. R. Civ. P. 37........................................................................................6, 7, 11

2

## I.    <u>INTRODUCTION</u>

As the Court knows, CNA has previously filed motions for summary judgment in this case.  The one pertinent to this supplemental brief related to the fact that Cooper had produced grossly insufficient evidence to support its claim that CNA has an obligation to defend asbestos personal injury actions allegedly filed against Cooper.  That was because Cooper refused to produce *any* of the complaints that it alleged implicated CNA's duty to defend.  Indeed, Cooper's Rule 30(b)(6) witness testified that the operative complaints were not even in its possession and control.

CNA took timely action to address this situation.  First, it sought an extension of the discovery deadlines set by the Court to give Cooper the time to reconsider its position and produce the complaints.  Cooper did not join in that motion, and perhaps consequently the Court denied it.  CNA then sought this Court's assistance in compelling the production of the operative complaints.  The Court compelled the production of the complaints, but only *after* the close of discovery and the time for the filing of summary judgment motions.  Now , Cooper has finally produced the underlying complaints for which it seeks coverage in this lawsuit pursuant to the order granting CAN's motion to compel.  Because discovery was cut off at the time that the complaints were finally produced, CNA has had no opportunity to take any discovery on the complaints.  Indeed, CNA

does not even know the provenance of the complaints since Cooper said they were not in its possession and control.  Under those circumstances, the Court should not allow Cooper to benefit from its stonewalling tactics in this case.  The newly produced complaints should not be admitted into evidence, and they should not form the basis for Cooper's motion for summary judgment.

Notwithstanding the lack of discovery, it is clear that many of these underlying lawsuits cannot possibly trigger any of the CNA Policies identified in Cooper's Complaint.  In addition, Cooper's claims in connection with many of the complaints may be barred by Texas's applicable four year statute of limitations.

Lastly, and without regard to the application of the statute of limitations, the doctrine of laches should bar Cooper's claims in this case.  Cooper's failure to assert these claims until six to eight years after receiving notice of them prevented CNA from any meaningful participation in the defense of the underlying complaints.  Cooper routinely put off dealing with these claims, while it and CNA discussed myriad other claims over the course of nearly the last decade.  Among other things, Cooper did not want to pay any retrospective premiums under the CNA policies.  The Court should not countenance Cooper's attempts to isolate

4

these claims from its other dealings with CNA and thereby benefit from its own

inactivity.[1]

## II.   <u>ARGUMENT</u>

Cooper's affirmative request for judgment should be denied for the

following reasons.  First, Cooper's failure to produce any underlying complaints

until after discovery closed should bar it from now relying on those complaints to

prove its case.  Second, on their face, a number of the underlying complaints

clearly do not implicate the CNA policies.  Third, Cooper cannot recover with

respect to many of the underlying complaints because the statute of limitations

may bar coverage.  Lastly, the doctrine of laches should bar Cooper's claims.[2]

### A.   <u>COOPER SHOULD BE BARRED FROM RELYING ON ANY OF THE UNDERLYING COMPLAINTS THAT IT FAILED TO PRODUCE PRIOR TO THE DISCLOSE OF DISCOVERY</u>

Cooper's late production of relevant documents violates this Court's

Scheduling Order and the Federal Rules of Civil Procedure.  Permitting Cooper to

use such late-produced material prejudices CNA's ability to defend this case.

Moreover, Cooper cannot meet its burden of demonstrating that its failure to

---

[1] A full factual recitation is contained in CNA's own moving briefs as well as in response to Cooper's summary judgment motion, and accordingly, is not recited again here.

[2] The relevant summary judgment standard is recited both in CNA's own moving briefs as well as in response to Cooper's summary judgment motion and is not repeated here.

disclose any of the information reflected in the tardily produced documents was

substantially justified or harmless.

> **1.    Cooper's Failure to Produce Discovery Until After the
> Discovery Close Date, and After CNA was Forced to File a
> Motion to Compel, Violates the Federal Rules of Civil
> Procedure and This Court's Scheduling Order**

Federal Rules of Civil Procedure 26(b) and 34(b) require parties to produce

relevant documents and other materials in response to an opposing party's

discovery requests.  Rule 26(a) requires that a party make initial disclosures even

without awaiting a discovery request.  Rule 26(a) specifically requires that the

initial disclosures include (i) the contact information of "each individual likely to

have discovery information . . . that the disclosing party may use to supports

claim," (ii) a copy of "all documents . . . that the disclosing party has in its

possession, custody or control and may use to support its claims," and (iii) "a

computation of each category of damages claimed by the disclosing party . . .,

including materials bearing on the nature and extent of injuries suffered."  Fed. R.

Civ. P. 26(a)(1)(i)-(iii).

If a party fails to disclose information that it intends to use to support its

claims or defenses – as required by Rule 26(a) or (e) – "the party is not allowed to

use that information or witness to supply evidence on a motion, at a hearing, or at a

trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P.

37(c)(1); *Patterson v. Houston Indep. Sch. Dist.*, 2014 U.S. App. LEXIS 10321, at

*5 (5th Cir. June 3, 2014) (unpublished) (holding that a document could not be used because it was produced for the very first time during the dispositive motion phase of the litigation and because there was no substantial justification for the delay in producing it); *CQ Inc. v. TXU Mining Co. LP*, 565 F.3d 268, 279 (5th Cir. 2009) (holding that the plaintiffs' damages award could be no higher than the amount indicated in the invoices it produced by the discovery deadline).[3]  Under Rule 37, district courts have broad discretion to impose sanctions for violating discovery.  *Chilcutt v. United States*, 4 F.3d 1313, 1323 n.23 (5th Cir. 1993).

Similarly, Federal Rule of Civil Procedure 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

Cooper violated the Federal Rules of Civil Procedure and this Court's scheduling orders, and Cooper should be barred from using those documents as evidence in the upcoming trial.  The documents produced on and after the discovery deadline consist of invoices to substantiate Cooper's damages claim and underlying complaints that are necessary in order to determine CNA's defense obligations, if any.  (Mertes Aff. ¶ 1.  A copy of the Mertes Aff. is attached as Ex.

---

[3] *See generally Unique Indus., Inc. v. 965207 Alberta Ltd.*, 764 F. Supp. 2d 191, 204 (D.D.C. 2011) ("[T]he Federal Rules authorize the court to … prohibit the plaintiff from relying on the evidence produced after the close of discovery as a sanction for its failure to comply with the court's scheduling order.")

A).  All of these documents should have been disclosed in Cooper's initial

disclosures under Rule 26(a)(1) and, in any event, were responsive to CNA's

requests for the production of documents, including but not limited to requests

numbered 1, 3, 9, 10, 12 and 21.  (Mertes Aff. ¶ 3; *see also* Ex. A to Mertes Aff.)

Cooper's refusal to produce these documents until after the deadlines to complete

discovery and for filing dispositive motions violates the Federal Rules, this Court's

scheduling order and prejudices CNA's ability to defend itself at trial.

Accordingly, these documents should be excluded from the trial, and the Court

should not consider them for summary judgment purposes either.

### 2. Cooper's Refusal to Produce Documents Until the Last Day of Discovery and After Discovery Prejudices CNA, and the Documents Should be Excluded

The Fifth Circuit has clearly articulated that a party cannot use as evidence

documents it did not timely produce unless it can prove that its late production was

substantially justified or harmless.  *Patterson*, 2014 U.S. App. LEXIS 10321, at

*5-6 (unpublished) (holding that a document could not be used because it was

produced for the very first time during the dispositive motion phase of the

litigation and there was no substantial justification for the delay in producing it).

Courts in the Fifth Circuit look at four factors to determine whether the failure to

disclose was harmless: "(1) the importance of the evidence; (2) the prejudice to the

opposing party of including the evidence; (3) the possibility of curing such

8

prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Paradise Towing, Inc. v. CIT Group/Sales Fin., Inc.*, 368 B.R. 569, 573 (W.D. Tex. 2005).

In *JMC Construction LLP v. Modular Space Corporation*, the defendant (ModSpace) did not make its "initial disclosures" until after the discovery deadline and after the plaintiff (JMC) had gone through the expense of filing a motion for summary judgment. *JMC Constr. LP v. Modular Space Corp.*, No. 3:07-cv-1925-B, 2008 U.S. Dist. LEXIS 121618, at *9 (N.D. Tex. Oct. 28, 2008). The court found that the late-production violated Rule 26 and that ModSpace's excuses were not "substantial justification" for the late production. *Id.* at *10-11. The court then analyzed the four factors to determine whether the failure to timely disclose the documents was harmless. *Id.* at 11-13. As to the first two factors, the court found that the late-disclosed information was important to JMC's case because it was the subject of the dispute and that JMC was prejudiced by the tardy disclosure because JMC was deprived of the opportunity to take depositions. *Id.* at *11-12. As to the third factor, the court declined to grant a continuance to give the parties an opportunity to cure the prejudice because it would permit ModSpace to benefit from its failure to follow the rules governing discovery. *Id.* at *13. The fourth factor favored a finding that the late disclosure was not harmless; the court found that ModSpace's reasoning for not comply with its discovery obligations – that the

case was for a small amount of money – was unavailing. *Id.*   Among other things, the court held that "all documents not disclosed and produced to JMC prior to July 31, 2008 [the discovery deadline] are **STRICKEN** from ModSpace's exhibit list and may not be used at trial." *Id.* at *15 (emphasis in original).

There is no substantial justification for Cooper's belated production of documents, and the delayed production was not harmless.  The documents produced to CNA on and after the discovery deadline are important documents, including both the invoices to support Cooper's claim for damages and the underlying complaints that provide four of the eight "corners" needed to determine CNA's coverage obligations, if any.[4] CNA is greatly prejudiced by the delay because CNA was unable to question any of the witnesses about the produced documents, and CNA was required to endure the time and expense of filing dispositive motions without the benefit of the documents.  In fact, CNA filed a motion for summary judgment on the basis that Cooper cannot prove its claim because it has not produced any underlying complaints or invoices to support its damages claim.  (Dkt. # 62).  Cooper may argue that this prejudice can be cured by reopening discovery.  However that approach would effectively require that discovery be conducted for a second time, and it would reward Cooper's refusal to

---

[4] Texas courts follow the "eight corners rule" in determining an insurer's duty to defend – four corners from the complaint and four corners from the insurance policy. *Ewing Constr. Co. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 33 (Tex. 2014).

comply with the Rules and with this Court's orders.  There can be no justification for Cooper's delay in producing the invoices and underlying complaints, especially since these documents should have been produced with the initial disclosures. Because Cooper cannot demonstrate that its failure to disclose the late-produced documents was substantially justified or harmless, this Court should exclude the documents from evidence at trial and at summary judgment, as called for by Rule 37.  Fed. R. Civ. P. 37(c)(1).

### B.   EVEN WITHOUT DISCOVERY, IT IS PLAIN THAT NUMEROUS UNDERYLING COMPLAINTS DO NOT TRIGGER THE CNA POLICIES OR DO NOT NAME COOPER INDUSTRIES AS A DEFENDANT

Texas courts follow the eight corners rule in determining an insurer's duty to defend.  *Ewing Constr. Co. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 33 (Tex. 2014). Under that rule, courts look to the facts alleged within the four corners of the pleadings, measure them against the language within the four corners of the insurance policy, and determine if the facts alleged present a matter that could potentially be covered by the insurance policy.  *Id.*  The factual allegations are considered without regard to their truth or falsity, and all doubts regarding the duty to defend are resolved in the insured's favor.  *Id.*  In reviewing the pleadings and making the foregoing determinations, courts look to the factual allegations showing the origin of the damages claimed, not to the legal theories or conclusions alleged.  *Id.*  The insured has the initial burden to establish coverage under the

11

policy.  *Id.*  In the context of asbestos bodily injury lawsuits, Texas law on "trigger" – *i.e.*, when covered "bodily injury" occurs under the terms of the policies – is not entirely clear.  As applied here however, the particular trigger applied is immaterial, where many of the underlying complaints do not allege any exposure to asbestos until after the expiration of the CNA Policies.  Additionally, some of the underlying complaints do not appear to name "Cooper Industries" as a defendant at all.  There is no coverage for such complaints under the CNA Policies.

A cursory review of the complaints makes clear that at least the following underlying complaints do not implicate the CNA Policies based on the allegations of asbestos exposure outside the CNA Policy periods, which ran from between 1971-1981:

| **Name** | **Exposure Dates** | **Bates Label** |
|---|---|---|
| Adams, Natta | 1984-2000 | COOP-ASB-36065 to COOP-ASB-36100 |
| Bennett, Bobby | 1983-2003 | COOP-ASB-76689 |
| Bennett, Bobby Henderson,  Sandra | 1983-2003 1983-1986 | COOP-ASB-36905 to COOP-ASB-36944 |
| Brockman, Daniel | 1984-2013 | COOP-ASB-109081 |
| Coker, Clyde and Vera | 1982-1983 | COOP-ASB-109658 |
| Cooper, Deanna | 1984-2011 | COOP-ASB 81132-81154 |
| Daniel, Erskine Jr.; Daniel Tracy | 1987-2012 | COOP-ASB 92935-92962 |
| Denton, Teresa Denton, Charles | 1985-1987 1990-2005 | COOP-ASB-29443 to COOP-ASB-29486 |

12

| **Name** | **Exposure Dates** | **Bates Label** |
|---|---|---|
| Fabini, Alesa<br>Fabini, Mike | 1985-2004 | COOP-ASB-39960 to<br>COOP-ASB-40006 |
| Ferguson, Lisa W., et al. | 1986-2011 | COOP-ASB 94815-94839 |
| Garaibeh, Virginia, et al. | 1982-2009 | COOP-ASB 81728-81752 |
| Garaibeh, Virginia, et al. | 1982-2009 | COOP-ASB 81728-81752 |
| Gardner, Michael V., et al. | 1985-present | COOP-ASB 111115 |
| Guinn, Edward; Jensen, Anya | 1990-2011 | COOP-ASB 80748-80771 |
| Hawkins, Elizabeth, et al. | 1984-1991 | COOP-ASB-41109 to<br>COOP-ASB-41134 |
| Horton, Ginger &<br>Horton, Jarod | 1987-2010 | COOP-ASB-68319 |
| Koch, Dawn, et al. | 1982-1984 | COOP-ASB-42422 to<br>COOP-ASB-42458 |
| Laramie, Kathleen | 1990 - Present | COOP-ASB-56252 |
| Lind, Linda Marie<br>Melancon, et al. | 1984-2011 | COOP-ASB 83129-83148 |
| Lipinis, Tracey;<br>Lipinis, Paul | 1992-2009 | COOP-ASB 83177-83219 |
| Lucas, Sherry Mace, et al. | 1986-1990 | COOP-ASB 99881-99912 |
| Manley, Leavie | 1989-2004 | COOP-ASB 83577-83600 |
| Marshall, Sonja D.;<br>Marshall, Bob | 1987-present | COOP-ASB 83647-83686 |
| Mattmuller, Matthew and Jess | 1997-present<br>+second hand-Father<br>1982-1999 | COOP-ASB 112916 |
| McSperritt, John<br>McSperritt, Ona | 1991-1995 | COOP-ASB-43969 to<br>COOP-ASB-44002 |
| Moody, Edward - Exec.<br>- Friends, Patsy (Estate) | 1986-2001 | COOP-ASB-76588 |

13

| **Name** | **Exposure Dates** | **Bates Label** |
|---|---|---|
| Nisen, Michelle; Nisen, Joseph (deceased) | 1987-2006 | COOP-ASB 84781-84824 |
| Rodriguez, Jeremy | 1994-present | COOP-ASB-114071 |
| Shaneyfelt, Rachel | 1984-2010 | COOP-ASB 86779-86808 |
| Stewart, David, et al. | 1989-2012 | COOP-ASB-105763 |

Because these complaints all allege exposure after the expiration of the CNA Policies, CNA is entitled to judgment with respect to those complaints.  Similarly, Cooper's own summary judgment motion must be denied.

Further, "Cooper Industries" is not even named as a defendant in the following underlying complaints:

| **Name** | **Bates Number** |
|---|---|
| Deilly, Brian | COOP-ASB-39299 to COOP-ASB-39358 |
| Fitzpatrick, Carol, et al. | COOP-ASB-67054 |
| Golaski, Stanley J. Golaski, Lois Jean (Deceased) | COOP-ASB-40585 to COOP-ASB-40604 |
| Kacsuta, Robert | COOP-ASB-42079 to COOP-ASB-42209 |
| Lind, Linda Marie Melancon, et al. | COOP-ASB 83129-83148 |
| Mangis, Glenn A.; Brown-Mangis, Lynn | COOP-ASB 83533-83548 |
| Renfro, Kenneth and Ruth | COOP-ASB-103827 |
| Slappy, Stephen and Linda A. | COOP-ASB-105058 |
| Webber, William F. Webber, Janice G. | COOP-ASB-35685 to COOP-ASB-35723 |
| Woodward, Terence, et al. | COOP-ASB-75442 |

14

Cooper advances no theory by which it may recover under policies issued to "Cooper Industries" where that entity is not named as a defendant in the underlying lawsuit.  Accordingly, CNA is further entitled to summary judgment with respect to the above underlying complaints that do not name "Cooper Industries" as a defendant.

C.  **COVERAGE FOR MANY OF THE UNDERLYING COMPLAINTS IS BARRED BY TEXAS'S FOUR YEAR STATUTE OF LIMITATIONS**

Texas Federal Courts apply the state statutes of limitations in diversity cases. *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 n. 3 (5th Cir. 1989).  In Texas, the statute of limitations for the breach of an insurance contract action is four years from the day the cause of action accrues.  TEX. CIV. PRAC. & REM. CODE § 16.051; *see also Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002).  When "there is no outright denial of a claim, the exact date of accrual of a cause of action … should be a question of fact to be determined on a case-by-case basis." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221-222 (Tex. 2003) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 n. 2 (Tex. 1990).  At a minimum, there exist issues of material fact as to whether the statute of limitations bars coverage for a subset of the underlying complaints.

Texas courts have examined what constitutes an "outright denial."   In *Ehrig v. Germania Farm Mutual Insurance Association*, 84 S.W.3d 320, 325 (Tex.App.–

15

22603557v1

Corpus Christi 2002, pet. denied), the court held that whether an insurer's oral denial of an insured's claim constituted an "outright denial" sufficient to trigger the commencement of limitations is a question of fact for the jury's determination, even where the insured does not dispute that the oral statement was made. The court further decided that summary judgment was not proper "[w]hen the facts are arguably not clear enough to put the aggrieved party on notice of a legal injury." *Id.*

Although CNA disputes Cooper's recitation of the facts, Cooper nevertheless does assert that it began tendering lawsuits to CNA for coverage in 2006 and that CNA never meaningfully responded.  (*See, e.g.,* Harper Dep. 41:6-41:10.)  (A copy of the relevant portions of the Harper Dep. are attached as Ex. B to the Mertes Aff.)  Notwithstanding the application of laches, discussed below, CNA contends that the four-year statute of limitations with respect to Cooper's claims to coverage in many instances have now expired.  Cooper contends that because CNA did not send a formal denial letter, that the statute of limitations has not yet began to run.  As discussed in the *Ehrig* case, however, what constitutes an "outright denial" in this circumstance is a fact question not appropriate for resolution on summary judgment.  This is particularly true in a case like this where the parties have had considerable oral communications during the time period in which Cooper ostensibly tendered the underlying complaints to CNA.  (Caswell

16

Dep. 9:16-10:5.)  (A copy of the relevant portions of the Caswell Dep. are attached
as Ex. C to the Mertes Aff.)  As such, summary judgment is not appropriate, and
Cooper's motion should be denied.

### D.    THE DOCTRINE OF LACHES BARS COOPER'S CLAIMS FOR COVERAGE

Despite tendering claims as early as 2004, Cooper never took any legal steps
to obtain coverage under the CNA Policies until it filed this lawsuit in 2013.
During that time period, Cooper undertook the defense of the underlying
complaints, chose its own counsel, and presumably directed the strategy for the
defense.  (Harper Dep. 41:20-42:5; 50:23-50:25.)  As made clear by the complaints
that Cooper has produced in this action, CNA was essentially presented with a fait
accompli and asked to pay for it.  Cooper's own 30(b)(6) corporate representative
testified that with the exception of the 1979-1981 policy years, Cooper never
agreed to pay retrospective premiums it owed under the policies.  (Harper Dep.
90:14-91:6.).  Knowing of the retrospective premium obligations under the CNA
Policies, Cooper first procured its other available coverage while purposefully
leaving CNA on the sidelines.  (*See, e.g.,* Harper Dep. 71:11-72:13.)

"Two essential elements of laches are (1) unreasonable delay by one having
legal or equitable rights in asserting them; and (2) a good faith change of position
by another to his detriment because of the delay."  *Rogers v. Ricane Enterprises,
Inc.*, 772 S.W.2d 76, 80 (Tex.1989).  At a minimum, a grant of summary judgment

17

to Cooper is inappropriate where there is a question as to whether the doctrine of laches bars its claims.

In this case, Cooper waited approximately seven years from March 2006 to file the instant lawsuit.  During that time period, Cooper and CNA had discussions regarding other Cooper claims as well as the underlying claims at issue in this lawsuit.  (Caswell Dep. 9:16-10:5.)  During these discussions, Cooper never expressly stated that it would honor the retrospective premium obligations under the CNA Policies.  (Caswell Dep. 28:11-29:13.)  As a result, Cooper continued to control the defense of the underlying complaints.  (Harper Dep. 41:20-42:5.)  Had CNA known that Cooper would subsequently refuse to pay any retrospective premiums under the CNA Policies, CNA would have been able to take a more active role in the defense of the underlying complaints or otherwise sought legal redress as to the retrospective premium issue.  Consequently, Cooper's claims are barred by the doctrine of laches, and this Court should grant judgment in favor of CNA.

## III.   <u>CONCLUSION</u>

Wherefore, Defendants/Counter-Plaintiffs Continental Casualty Company; Transportation Insurance Company; and The Continental Insurance Company, as successor-in-interest to Harbor Insurance Company and successor by merger to Fidelity & Casualty Company of New York, respectfully request that this Court

18

deny Cooper's Motion for Summary Judgment and grant judgment in favor of the

Defendants/Counter-Plaintiffs.

Respectfully submitted,

*/s/ Andrew Love*
Howard L. Close
Attorney-In-Charge
State Bar No. 04406500
Federal Bar No. 13362
Andrew Love
State Bar No. 24007571
Federal Bar No. 23997
WRIGHT & CLOSE, L.L.P.
One Riverway, Suite 2200
Houston, Texas  77056
Telephone:  (713) 572-4321
Facsimile:  (713) 572-4320
close@wrightclose.com
love@wrightclose.com

**ATTORNEYS FOR
DEFENDANTS/COUNTER-
PLAINTIFFS CONTINENTAL
CASUALTY COMPANY, THE
TRANSPORTATION INSURANCE
COMPANY, AND THE CONTINENTAL
INSURANCE COMPANY**

19

## <u>CERTIFICATE OF SERVICE</u>

On July 18, 2014, I caused this document to be filed with the Court's Electronic Case Filing system. Service of this document on known Filing Users will be automatically accomplished through the Notice of Electronic Filing. I am unaware of any party or counsel who is not a Filing User.

*/s/ Andrew Love*
Andrew Love

20