IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Cooper Industries, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action 4:13-cv-00575 |
| | § | |
| Continental Casualty Company, | § | |
| Transportation Insurance Company, | § | |
| and The Continental Insurance | § | |
| Company, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendants/Counter-Plaintiffs Continental Casualty Company, Transportation Insurance Company, and The Continental Insurance Company, as successor-in-interest to Harbor Insurance Company and successor by merger to Fidelity & Casualty Company of New York (collectively "CNA"), for their Response to Plaintiff's Supplemental Brief in Support of Its Motion for Summary Judgment, state as follows. As the Court is aware, there has been substantial briefing on the motions for summary judgment before this Court. Accordingly, this brief strives to be succinct and not unnecessarily rehash arguments that have already been fully presented to the Court by the parties.

## I.   ARGUMENT

### A.   Cooper Cannot Rely on the Underlying Complaints Because It Failed to Timely Produce Them

As set forth in Defendants' Supplemental Brief on Pending Summary Judgment Motions ("Supplemental Brief") (Dkt. #83), this Court should not engage in an a detailed analysis of the underlying asbestos complaints due to Plaintiff's failure to timely produce them during discovery.  Fed. R. Civ. P. 26, 37; *see, e.g., CQ Inc. v. TXU Mining Co. LP*, 565 F.3d 268, 279 (5th Cir. 2009). Cooper Industries, LLC ("Cooper") should not be allowed to rely on those complaints at this juncture where its Fed. R. Civ. P. 30(b)(6) witness testified that Cooper did not keep the complaints in its possession and control.  (Harper Dep. 44:1-44:9.  "[Q.] Does Cooper have them in its possession and control?  [A.] No.") (A copy of the relevant portions of Ms. Harper's deposition transcript are attached as Exhibit A to the Affidavit of Tyler S. Mertes.)

Cooper steadfastly clung to its position that it could not – or perhaps more correctly would not – produce *any* of the complaints that were a necessary part of Cooper's case, as pled.  Not until this Court granted CNA's motion to compel *after* the close of discovery did Cooper finally come forward with the documents that formed the basis of its claim.  CNA has not been able to take any discovery on those documents notwithstanding the fact that it unsuccessfully requested an

extension from Cooper and the Court.  At this point, it would simply be unfair to allow Cooper to benefit from its strategy of trial by ambush.

Additionally, Cooper is asking, at least in part, that the Court predict Texas law on the issue of trigger without providing the Court with its position as to whether a continuous trigger actually applies under Texas law.  (Pl.'s Supp. Br. in Support of Its Mot. for Summ. J. at 5.  "These complaints *would be* covered if the Court adopted a continuous trigger theory.")  The Court need not make such a prediction under the circumstances and should deny Cooper's motion for summary judgment.  In fact, the law of trigger in Texas is unclear on this point, with cases pointing in multiple directions.  *See Guar. Nat'l Ins. Co. v. Azrock Indus., Inc.*, 211 F.3d 239, 243-48 (5th Cir. 2000) (applying exposure trigger); *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20 (Tex. 2008) (applying "injury in fact" trigger).  If the Court applies an "exposure" or "manifestation" theory, as some decisions suggest is correct, many of the complaints will not be covered.

## B. The Court Should not Grant Cooper's Motion for Summary Judgment Because of the Application of the Statute of Limitations and the Doctrine of Laches

The Defendants explain in detail in their Supplemental Brief why the statute of limitations and/or the doctrine of laches may bar Cooper's recovery in this action.  (Supp. Br. at 15-17.)  Cooper is not entitled to summary judgment because there are, at a minumum, issues of material fact with respect to the application of

Texas's four year statute of limitations. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221-222 (Tex. 2003). Moreover, the doctrine of laches should bar Cooper's claims in full. In this case, Cooper waited at least seven years after providing notice of the first claim for which it seeks recovery to file this lawsuit. (*See* Supp. Br. at 17-18.)

This Court should grant CNA's motion for summary judgment with respect to the application of the doctrine of laches. (*Id.* at 18.) Even if the Court does not follow that course because it finds there to be issues of material fact with respect to which of Cooper's claims are barred by the four year statute of limitation, that ruling would also obviously preclude Cooper from obtaining summary judgment. (*See, e.g., id.* at 17.) *See generally Crescent Towing & Salvage Co., Inc. v. M/V ANAX*, 40 F.3d 741, 744 (5th Cir. 1994) (genuine issues of material fact concerning affirmative defense prevented summary judgment grant); *Morris v. Dearborne*, 181 F.3d 657, 675 (5th Cir. 1999) (same). Accordingly, Cooper is not entitled to summary judgment.

**C.     Cooper is Not Entitled to Summary Judgment on Its Motion Where it has Repudiated Its Obligation to Pay Retrospective Premiums Due Under the Policies and Also Repudiated Its Obligations Under Claim Service Agreements to Advance Monies**

The Defendants have filed a motion for summary judgment on Count I of their Counterclaims (Dkt. #35) relating to Cooper's obligations under the policies to pay retrospective premiums or otherwise advance funds pursuant to two Claim

Service Agreements.  (Dkt. #66 ["Retrospective Motion"])  For the reasons set forth in that Retrospective Motion, Cooper's affirmative claims are barred, and the Court should deny its motion for summary judgment.  Without repeating fully the arguments made in the Defendants' previous brief, the following overview makes clear Cooper is not entitled to summary judgment.

Many of the CNA Policies under which Cooper seeks recovery contain retrospective premium obligations.  (*See, e.g.,* Dkt. #66 at 1-2.)  Cooper has anticipatorily repudiated that obligation.  Its Rule 30(b)(6) witness testified that Cooper denies that if CNA paid any amounts in connection with the underlying claims that Cooper would owe retrospective premiums.  (Harper Dep. 90:14-90:19.)

In addition, Cooper and CNA entered into two separate Claim Service Agreements that obligate Cooper to advance defense costs.  (Dkt. #66 at 7-8.)  Cooper's Rule 30(b)(6) deponent testified that Cooper is currently unwilling to say that it will advance funds in relation to its request for its claims for insurance coverage in this case.  (Harper Dep. 126:25-128:6.)  Under Texas law, "the payment of premiums is a condition precedent to the existence of liability of the insurer."  *Lombana v. AIG Am. Gen. Life Ins. Co.*, NO. 01-12-00168-CV, 2014 Tex. App. LEXIS 2302, at *19 (Tex. App.—Houston [1st Dist.] Feb. 27, 2014, pet. June 13, 2014); *Hartland v. Progressive Cty. Mut. Ins. Co.*, 290 S.W.3d 318, 322

(Tex. App.—Houston [14th Dist.] 2009, no pet.).   The requirement to advance monies under the Claim Service Agreement is plainly a condition precedent under those contracts.  *See id.*   Cooper is not entitled to summary judgment where it is refusing to pay additional retrospective premium that it owes in addition to refusing to advance funds as required by the Claim Service Agreements between the parties.

## II.   CONCLUSION

WHEREFORE, the CNA Defendants respectfully request that this Court grant their Motions for Summary Judgment, deny Cooper's Motion for Summary Judgment and grant all further relief it deems appropriate.

Respectfully submitted,

*/s/ Andrew Love*
Howard L. Close
Attorney-In-Charge
State Bar No. 04406500
Federal Bar No. 13362
Andrew Love
State Bar No. 24007571
Federal Bar No. 23997
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas  77056
Telephone:  (713) 572-4321
Facsimile:  (713) 572-4320
close@wrightclose.com
love@wrightclose.com

**ATTORNEYS FOR
DEFENDANTS/COUNTER-
PLAINTIFFS CONTINENTAL
CASUALTY COMPANY, THE
TRANSPORTATION INSURANCE
COMPANY, AND THE CONTINENTAL
INSURANCE COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

On August 8, 2014, I caused this document to be filed with the Court's Electronic Case Filing system. Service of this document on known Filing Users will be automatically accomplished through the Notice of Electronic Filing. I am unaware of any party or counsel who is not a Filing User.

*/s/ Andrew Love*
Andrew Love