IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COOPER INDUSTRIES, LLC,<br>600 Travis Street, Suite 5600<br>Houston, TX  77002<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONTINENTAL CASUALTY COMPANY; TRANSPORTATION INSURANCE COMPANY; and THE CONTINENTAL INSURANCE COMPANY, as successor-in-interest to Harbor Insurance Company and successor by merger to Fidelity & Casualty Company of New York,<br><br>　　　　Defendants. | )<br>)<br>) CIVIL ACTION<br>)<br>) No. 4:13-cv-00575<br>)<br>)<br>)<br>)<br>)<br>) DEMAND FOR JURY TRIAL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BRIEF IN RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**

The Court granted CNA leave to "file supplemental briefing disputing that all or some of the Underlying Complaints [allege exposure during CNA's 1971 to 1981 coverage period] and thus do not trigger the duty to defend."  Doc. No. 79 at 2.  CNA's brief devotes a total of four pages to this issue.  CNA's discussion reveals, yet again, that CNA has no defense for its failure to defend Cooper.

CNA asserts that 38 of the 3,026 Underlying Complaints (1.25 percent) do not trigger coverage.  CNA's belief that these claims do not trigger coverage, however, is largely premised on a series of factual errors.  For example, the first

Complaint CNA identifies as not triggering coverage is that of Natt Adams. CNA asserts the Complaint alleges exposure from 1984 to 2000. In fact, it alleges exposure from **1948** to 2000. CNA asserts that the second Complaint it identifies alleges exposure from 1983 to 2003. In fact, the Complaint names multiple plaintiffs. While one plaintiff's claim did fall outside the coverage period, **twenty-four plaintiffs** named in the Complaint alleged exposure during the coverage period. CNA claims that ten Complaints do not name Cooper as a defendant. In fact, Cooper is a defendant in each. The list goes on.

The remainder of CNA's brief addresses issues beyond the scope of the Court's order. Even if the Court considers these arguments, they whither under even the most passing scrutiny. First, CNA claims that Cooper's compliance with Court orders constitutes discovery violations. Second, CNA asserts a statute of limitations defense. Yet, the statute of limitations begins to run on an insurance breach of contract claim when the claim is denied. CNA concedes that it never made a coverage decision. Finally, CNA asserts a laches defense. Laches, however, is an equitable defense, which may not be asserted against Cooper's purely legal claims.

## I. CNA's Arguments Regarding the Allegations of the Underlying Complaints Are Factually Incorrect

CNA claims 29 Complaints do not allege exposure during the coverage period. As the following makes clear, CNA's position is largely the result of error:

| Underlying Complaint | CNA Assertion | Cooper Response |
|---|---|---|
| Natt Adams v. A.W. Chesterton, et al. (COOP-ASB-0036065) | Exposure from 1984 - 2000 | Actually alleges exposure from 1948 - 2000. |
| Easter Berry v. A.W. Chesterton Co. et al. (COOP-ASB-0076689) | Exposure from 1983 - 2003 | Complaint includes 24 plaintiffs who are covered. Complaint alleges exposure from 1960-1966; 1947-1987; 1970-1993; 1983-2003; 1966-2003; 1974-1994; 1974-2003; 1969-1986; 1967-1976; 1968-1995; 1966-1999; 1978-1988; 1975-1994; 1960-1998; 1977-2003; 1975-2003; 1976-1991; 1946-1991; 1971-1994; 1974-1993; 1952-1992; 1964-1997; 1971-1982; 1950-1994; 1968-1997; 1974-2003. |
| Bobby Bennett v. A.W. Chesterton, et al. (COOP-ASB-0036905) | Exposure from 1983 - 2003 and 1983 -1986. | Complaint includes 21 plaintiffs who are covered. Complaint alleges exposure from 1983-2003, 1976-2003, 1977-1986, 1968-1987, 1978-2000, 1975-2003, 1978-2003, 1979-1983, 1946-1991, 1974-1993, 1970-2001, 1974-2003, 1973-1982, 1974-2004, 1974-1994, 1976-1980, 1977-1981, 1970-1999, 1972-1983, 1971-2000, 1978-1997, 1975-1985, and 1983-1986. |
| Daniel Brockman v. A.W. Chesterton, et al. (COOP-ASB-0109081) | Exposure from 1984 - 2013 | CNA only addresses occupational exposure; complaint also alleges exposure "during non-occupational work projects . . . and/or in other ways." |
| Clyde Coker v. A.W. Chesterson, et al. (COOP-ASB-0109658) | Exposure from 1982 - 1983 | CNA only addresses occupational exposure; complaint also alleges exposure "during non-occupational work projects . . . and/or in other ways." |
| Deanna Cooper v. A.W. Chesterton, Inc., et al. (COOP-ASB-0081132) | Exposure from 1984 - 2011 | CNA only addresses occupational exposure; complaint also alleges exposure "during non-occupational work projects . . . and/or in other ways." |

| Underlying Complaint | CNA Assertion | Cooper Response |
|---|---|---|
| Erskine Daniel v. Advocate Mines, Ltd, et al. (COOP-ASB-0092935) | Exposure from 1987 - 2012 | CNA only addresses direct exposure. Plaintiff also alleges secondary exposure from 1969-1974. |
| Teresa Denton v. A. Schulman, et al. (COOP-ASB-0029443) | Exposure from 1985 - 1987 and 1990 -2005 | CNA only addresses direct occupational exposure.  Plaintiff also alleged exposure from non-occupational projects; as well as being "repeatedly exposed" via secondary exposure "on many occasions" from her father, her mother, and her spouse. |
| Alesa Fabini and Mike Fabini v. A.W. Chesterton, et al. (COOP-ASB-0039960) | Exposure from 1985 - 2004 | Cooper previously stated it is not moving on this claim. |
| Lisa Ferguson v. A.W. Chesterson, et al. (COOP-ASB-0094815) | Exposure from 1986 - 2011 | CNA only addresses occupational exposure; complaint also alleges exposure "during non-occupational work projects . . . and/or in other ways." |
| Virginia Gharaibeh v. A.O. Smith Corporation, et al. (COOP-ASB-0081728) | Exposure from 1982 - 2009 | CNA only addresses occupational exposure; complaint also alleges exposure "during non-occupational work projects . . . and/or in other ways." |
| Michael V. Gardner v. A.W. Chesterson, et al. (COOP-ASB-0111115) | Exposure from 1985 to present | Cooper previously stated it is not moving on this claim. |
| Edward Guinn v. A.W. Chesterton, Inc., et al. (COOP-ASB-0080748) | Exposure from 1990 - 2011 | CNA only addresses direct exposure. Complaint alleges secondary exposure "through his father . . . through his step-father . . . and through his mother." |
| Elizabeth Hawkins v. A.W. Chesterson, et al. (COOP-ASB-0041109) | Exposure from 1984 - 1991 | Cooper previously stated it is not moving on this claim. |
| Ginger Horton v. A.W. Chesterton, Co., et al. (COOP-ASB-0068319) | Exposure from 1987 - 2010. | CNA only addresses occupational exposure; complaint also alleges exposure "during non-occupational work projects . . . and/or in other ways." |

| Underlying Complaint | CNA Assertion | Cooper Response |
|---|---|---|
| Dawn Koch v. A.W. Chesterson, et al. (COOP-ASB-0042422) | Exposure from 1982 - 1984 | CNA only addresses direct occupational exposure. Plaintiff also alleges being exposed to asbestos "repeatedly" as a result of his mother working with asbestos "on many occasions." |
| Kathleen Laramie v. A.W. Chesterton, Inc., et al. (COOP-ASB-0056252) | Exposure from 1990 to Present | Cooper previously stated it is not moving on this claim. |
| Linda Marie Melancon v. Avondale Industries, Inc., et al. (COOP-ASB-0083129) | Exposure from 1984 - 2011 | Cooper previously stated it is not moving on this claim. |
| Tracey Lipinis v. A.W. Chesterson, et al. (COOP-ASB-0083177) | Exposure from 1992 - 2009 | CNA only addresses direct occupational exposure. Plaintiff also alleges secondary exposure via her grandfather, her husband, and via home and auto repairs. |
| Sherry Mace Lucas v. Air & Liquid Systems, et al. (COOP-ASB-0099881) | Exposure from 1986 - 1990 | CNA only addresses exposure while Decedent was in the Navy. Plaintiff alleged that "Decedent worked in various capacities over his life, including from 1986-1990 as a mechanical maintenance worker in the United States Navy, as well as automotive repair, maintenance & home remodeling construction" during which he was exposed to asbestos. |
| Leavie Manley v. A.W. Chesterson, et al. (COOP-ASB-0083577) | Exposure from 1989 - 2004 | CNA only addresses occupational exposure; complaint also alleges exposure "during non-occupational work projects . . . and/or in other ways." |
| Sonja Marshall v. A.W. Chesterson, et al. (COOP-ASB-0083647) | Exposure from 1987 to present | CNA only addresses exposure from her husband. The complaint also alleges secondary exposure from her father during the course of his employment. |

| Underlying Complaint | CNA Assertion | Cooper Response |
|---|---|---|
| Matthew Mattmuller v. A.W. Chesterson, et al. (COOP-ASB-0112916) | Exposure from 1997 to present and from 1982 - 1999. | CNA only addresses occupational exposure and exposure from his father's employment. The Complaint also alleges exposure "during non-occupational work projects" "and/or in other ways." |
| John McSperritt v. A.W. Chesterson, et al. (COOP-ASB-0043970) | Exposure from 1991 - 1995 | Cooper previously stated it is not moving on this claim. |
| Donna Tuggle v. A.W. Chesterton Co. et al. (COOP-ASB-0076588) | Exposure from 1986 - 2001 | Complaint includes 22 Plaintiffs who are covered. Complaint alleges exposure from 1963-1996; 1968-1985; 1958-1991; 1986-2001; 1948-1986; 1960-2005; 1955-2002; 1973-2003; 1956-2002; 1968-2001; 1980-1983; 1954-1988; 1956-1998; 1955-1994; 1971-1997; 1957-2001; 1962-1971; 1974-2000; 1943-1998; 1951-1979; 1977-2002; 1965-2003; 1968-1996; 1969-1994. |
| Michelle Nisen v. A.W. Chesterson, et al. (COOP-ASB-0084781) | Exposure 1987 -2006 | CNA only addresses direct occupational exposure. The Complaint also alleges exposure "during non-occupational work projects" "and/or in other ways." |
| Jeremy Rodriguez v. A.W. Chesterson, et al. (COOP-ASB-0114071) | Exposure from 1994 to present. | CNA only addresses direct occupational exposure. The Complaint also alleges exposure "during non-occupational work projects." |
| Rachel Shaneyfeit v. A.W. Chesterson, et al. (COOP-ASB-0086779) | Exposure from 1984 - 2010 | CNA only addresses secondary exposure from his mother. The Complaint also alleges secondary exposure from his father from 1966-1969 and "during non-occupational work projects (including, but not limited to, home and automotive repairs, maintenance, and remodeling) and/or in other ways." |

| Underlying Complaint | CNA Assertion | Cooper Response |
|---|---|---|
| David Stewart v. AII Acquisition, et al. (COOP-ASB-0105763) | Exposure from 1989 - 2012 | CNA only addresses occupational exposure. The complaint also alleges he was "repeatedly exposed" to asbestos as a result of his father working with asbestos "on many occasions." The complaint also alleges exposure "during non-occupational work projects" "and/or in other ways." |

CNA also alleges that ten Complaints do not name Cooper as a defendant. Again, CNA is mistaken, as explained below:

| Underlying Claim | Cooper Response |
|---|---|
| Brian Deily v. Crown, Cork & Seal Company, et al. (COOP-ASB-0039300) | Cooper's former wholly owned subsidiary CI Acquisition is named; however, it is likely that a different Cooper carrier is responsible for this claim, thus Cooper does not move on it. |
| Carol Fitzpatrick v. A.W. Chesterson, et al. (COOP-ASB-0067054) | Cooper added as a Defendant as per COOP-ASB-0067091. |
| Stanley J. Golaski v. Anchor Packing, et al. (COOP-ASB-0040585) | Upon further review, it appears that although Cooper is named, it withdrew its tender of this claim on February 28, 2008. *See* Exhibit D. |
| Robert Kaksuta v. Allis-Chalmers, et al. (COOP-ASB-0042079) | Cooper identified as Defendant DOE #10, as of October 10, 2008, as per COOP-ASB-0042080 to COOP-ASB-0042082. |
| Linda Marie Melancon v. Avondale Industries, Inc., et al. (COOP-ASB-0083129) | Cooper identified as a defendant as of December 9, 2011, as per COOP-ASB-0083130, COOP-ASB-0083134 (Paragraph Z), and COOP-ASB-0083148. |
| Glenn Mangis v. Certainteed Corporation et al. (COOP-ASB-0083533) | Cooper identified as a defendant as of August 10, 2011, as per COOP-ASB-0083534, COOP-ASB-0083537, COOP-ASB-0083542, COOP-ASB-0083544. |
| Kenneth Renfro v. Anco Insulations, et al. (COOP-ASB-0103827) | Cooper US Inc. identified as a defendant as per COOP-ASB-0103828, COOP-ASB-0103830, COOP-ASB-0103850, COOP-ASB-0103852. |

| **Underlying Claim** | **Cooper Response** |
|---|---|
| Stephen Slappy v. Albany International, et al. (COOP-ASB-0105058) | Cooper US Inc. identified as a defendant as per COOP-ASB-0105059. |
| William Webber v. Borg-Warner, et al. (COOP-ASB-0035685) | Cooper identified as Defendant Doe #4 as per COOP-ASB-0035685. |
| Terence Woodward v. Advance Auto Parts, Inc. et al. (COOP-ASB-0075442) | Cooper subsidiary, Cooper Wiring Devices, Inc., identified as a Defendant as per COOP-ASB-0075443, COOP-ASB-0075444, COOP-ASB-0075452. |

**II.     Cooper Complied With This Court's Discovery Orders and the Rules**

Abandoning the issue it was ordered to brief, CNA claims Cooper should be barred from relying on the Underlying Complaints and defense invoices. CNA's argument misstates the Federal Rules and the record. Further, this Court previously ruled on this issue, and Cooper's production complies with that order. *See* Doc. No. 68.

CNA claims that Cooper cannot rely on the Underlying Complaints because Cooper did not disclose them as required by Rule 26 of the Federal Rules of Civil Procedure. Yet, Cooper *did* identify the Underlying Complaints, invoices, and its computation of damages in its initial disclosures. Exhibit A, Initial Disclosures. Rule 26 requires no more. Fed. R. Civ. P. 26(a)(1)(a)(ii) (requiring that a party disclose "a copy – *or a description* by category and location – of all documents . . . that the disclosing party has in its possession, custody, or control . . . and may use to support is claims or defenses" (emphasis added)).

-8-

CNA next complains about the timing of Cooper's production of physical copies of Underlying Complaints and invoices. The timing was, however, the fault of CNA. CNA first served requests for production on February 13, 2014. Cooper filed a timely response addressing each of these issues. Cooper objected to the production of the Underlying Complaints, because: (1) CNA admitted Cooper already provided the Underlying Complaints to CNA; (2) CNA admitted it retained the Underlying Complaints; and (3) the Complaints were maintained by Cooper's insurance broker. Cooper did, however, agree to pay its broker to reproduce the Complaints if CNA paid half the cost. In addition, Cooper objected that the invoices contained privileged information and, thus, requested that CNA consent to a protective order prior to production. CNA refused. In an effort to avoid any prejudice, Cooper provided the invoices to CNA pursuant to Rule 408, so CNA could review the invoices while still protecting Cooper's privilege.

Days before the close of discovery CNA moved to compel. This Court heard the motion and agreed with Cooper. It ordered the parties to enter into a protective order regarding the previously produced invoices, which they did. It also ordered Cooper to produce the Underlying Complaints by May 30, 2014, with CNA paying half the cost. Cooper complied with this order. CNA has not.[1]

---

[1] Notwithstanding Cooper's repeated demands and CNA's promise to pay, to date CNA has failed to pay its share of the cost of reproducing the Underlying Complaints.

The authority cited by CNA is irrelevant. In *Patterson*, the court excluded an email because "[t]hroughout years of litigation, including in Patterson's charge to the EEOC, her original complaint and two amended complaints, her responses to motions to dismiss, her deposition, and her responses to interrogatories and requests for production, Patterson never mentioned that she had such an email or that she had had a conversation with the other employee about its contents." *Patterson v. Houston Indep. Sch. Dist.*, No. 13-20343, 2014 U.S. App. LEXIS 10321, 5-6 (5th Cir. June 3, 2014). Here, Cooper provided the Underlying Complaints to CNA long before this litigation commenced and disclosed the existence of the Complaints and invoices in its initial disclosures.

Similarly, in *TXU Mining*, the Court excluded damages evidence because the plaintiff did not disclose the basis for its computation of damages. *CQ Inc. v. TXU Mining Co. LP*, 565 F.3d 268, 279 (5th Cir. 2009). Cooper provided CNA with an initial computation of damages and informed CNA that the "[e]videntiary material on which this computation is based, to the extent not privileged or protected from disclosure will be produced or made available for inspection upon request with reasonable notice." Exhibit A; *see also* Fed. R. Civ. P. 26(a)(1)(A)(iii) (providing that evidentiary material need not be disclosed if "privileged or protected from disclosure"). CNA waited six months to request the invoices and then refused to agree to a protective order until ordered to do so by the Court.

In short, Cooper complied with Rule 26 and all discovery orders in this case. Cooper timely identified and produced the documents. Even if it had not, CNA was already in possession of all of the Underlying Complaints and invoices prior to the discovery deadlines. Thus, there was no prejudice to CNA. Moreover, the Court already granted CNA leave to file a supplemental brief challenging the Underlying Complaints, further eliminating any potential for prejudice.

### III.  The Statute of Limitations Has Not Run as to Cooper's Claims

"The limitations period on a first-party insurance claim begins to run at the time the insurer denies the claim under the policy." *Mangine v. State Farm Lloyd's*, 73 S.W. 3d 467, 470 (Tex. App. 2002). Cooper asked CNA during its 30(b)(6) deposition, "Just so we're clear, you don't recall any claims, underlying claims where CNA denied coverage." CNA's response? "That's correct." Exhibit B, CNA 30(b)(6) Deposition, 79:11-16. Moreover, CNA's account manager on the Cooper file admitted she never made a coverage determination regarding any of the Underlying Claims and knows of no coverage decision that has ever been made. Exhibit C, Groszek Deposition at 29:15-17; 37:22-23; 43:8-18. Indeed, she testified that she was told that she "was not supposed to be issuing coverage determinations" regarding the Cooper asbestos file. *Id.* at 42:14-15.

The cases cited by CNA merely stand for the proposition that where there is a dispute regarding whether and when an insurer denied a claim, questions of fact

remain. Here, there is no dispute. CNA did not deny any claims and has not yet made a coverage determination. Therefore, the statute of limitations has not run as to any of Cooper's claims.

**IV.    Cooper Asserts Purely Legal Claims, Thus Laches Cannot Apply**

"[W]hereas actions at law are governed by statutes of limitations, suits in equity are controlled by the doctrine of laches." 34 Tex. Jur. 3d Equity § 41 (3d ed. 2014). "[T]he defense of laches will not be invoked to resist the enforcement of a purely legal right, however asserted." *Id.* § 43. Breach of contract claims and suits "to recover funds expended to settle litigation pursuant to a written indemnity agreement" are "purely legal." *Rowan Cos. v. Acadian Ambulance Serv.*, No. 05-cv-3400, 2008 U.S. Dist. LEXIS 36573, at *16-*17 (S.D. Tex. 2008) (citing *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 971 (5th Cir. 1986)); *King Aero. Commer. Corp. v. Al-Anwa Aviation, Inc.*, No. 08-cv-0999, 2010 U.S. Dist. LEXIS 5112, at *15-*16 (N.D. Tex. 2010) (holding that a "laches defense, as a matter of law, cannot be asserted as a defense to [plaintiff's] breach of contract claim."). Because Cooper seeks to recover for breaches of defense and indemnity contracts (general liability insurance policies) the defense of laches is unavailable. *FDIC v. Fuller*, 994 F.2d 223, 224 (5th Cir. 1993).

Even if the defense were available, CNA fails to identify evidence in support of it. CNA cannot show that Cooper unreasonably delayed bringing suit because,

as explained, Cooper brought its suit within the limitations period. *Condom Sense, Inc. v. Alshalabi*, 390 S.W.3d 734, 761 (Tex. App. 2012) ("[I]t is 'presumed' a cause of action . . . is 'alive' if brought within the limitations period.").

Nor can CNA show "undue prejudice," that is, that it "has done something it otherwise would not have done absent the plaintiff's conduct." *Id.* It is undisputed that for the last seven years Cooper regularly and consistently demanded a defense of the Underlying Claims and that CNA did nothing in response. CNA offers no evidence that Cooper's conduct prevented CNA from filing a declaratory judgment action on the retrospective premium issue. CNA's contention that Cooper's conduct (including repeatedly demanding a defense) prevented CNA from participating in Cooper's defense is nothing short of Orwellian.[2] In the absence of any evidence, CNA's implausible claims cannot create a dispute of fact.

## V. Conclusion

CNA still cannot identify any reason it has failed to comply with its contractual obligation to defend Cooper. CNA does not dispute coverage for 98.75 percent of the Underlying Complaints. Where CNA does dispute coverage it relies

---

[2] CNA contends Cooper presented CNA with a *fait accompli*. The evidence shows that Cooper promptly tendered all claims to CNA. To avoid having a default judgment rendered against it, however, Cooper would contemporaneously retain defense counsel to file answers and defend Cooper while it waited for its insurers to defend. Surely, CNA does not argue Cooper should have allowed pleading deadlines to expire while waiting for a defense that never came. As explained by CNA's claims analyst, after Cooper tendered the claims, the proper course of conduct would have been for CNA to "get together with the other carriers, create a cost share, and then . . . monitor the litigation." Groszek Deposition at 13:2-15. Instead, CNA put Cooper in the position of defending itself or defaulting. To the extent there was a *fait accompli*, it was the result of CNA's bad faith failure to defend.

on a series of factual errors. Recognizing that its position is untenable, CNA goes beyond the Court's order to invoke tired, baseless post hoc excuses for why, despite its obvious liability, it should not be required to pay. CNA's arguments are entirely without merit. Therefore, Cooper respectfully requests the Court enter summary judgment in Cooper's favor.

Dated:  August 8, 2014

Respectfully submitted,

/s/Dominic I. Rupprecht
Heather Kubiak
KUBIAK LAW FIRM
13201 Northwest Freeway, Suite 101
Houston, TX  77040
Telephone:  (713) 800-8444
Facsimile:  (713) 800-8443

Michael H. Ginsberg (Pa. I.D. #43582)
   *(admitted pro hac vice)*
Laura A. Meaden  (Pa. I.D. #52002)
   *(admitted pro hac vice)*
Dominic Rupprecht (Pa. I.D. #308721)
   *(admitted pro hac vice)*
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514
Telephone:  (412) 391-3939
Facsimile:   (412) 394-7959

Counsel for Plaintiff Cooper Industries, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2014, I caused this document to be filed with the Court's Electronic Case Filing system.  Service of this document on known Filing Users will be automatically accomplished through the Notice of Electronic Filing. I am unaware of any party or counsel who is not a Filing User.

/s/ Dominic I. Rupprecht